IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONIA BROADNAX, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SSF IMPORTED AUTO PARTS, )<br>LLC, and JOHN DOE, )<br>)<br>)<br>    Defendants. )<br>_____ ) | Case No. _____ |

# EXHIBIT "A"

# TO NOTICE OF AND PETITION FOR REMOVAL

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09109-S2**
12/18/2020 8:44 PM

*[Clerk signature]*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**TONIA BROADNAX**

_____

_____

_____

PLAINTIFF

CIVIL ACTION NUMBER: **20-C-09109-S2**

VS.

**SSF IMPORTED AUTO PARTS, LLC**

**JOHN DOE**

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

S. Carlton Rouse, Esq.
Rouse & Co. LLC
PO Box 392105
Snellville, GA 30039

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **18** day of **December**, 20**20**.

Richard T. Alexander, Jr.,
Clerk of State Court

By *[signature]* Nichole Norton
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09109-S2**
12/18/2020 3:18 PM

*[signature]*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **TONIA BROADNAX** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SSF IMPORTED AUTO PARTS LLC** and )<br>**JOHN DOE** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br><br>**CASE NO.**  20-C-09109-S2 |

### RENEWED COMPLAINT AND JURY DEMAND

COMES NOW, Tonia Broadnax, (hereafter "Plaintiff") and files this Renewal Complaint and Demand for Jury Trial against SSF Imported Auto Parts LLC and John Doe (hereafter "Defendants") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant, SSF Imported Auto Parts, LLC, is a foreign (California) corporation currently authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court.

3.

Defendant SSF Imported Auto Parts, LLC is a foreign limited liability company authorized to conduct and actually conducting business in the State of Georgia and in Gwinnett County. SSF Imported Auto Parts, LLC may be served by service upon its

registered agent, to wit: Kerney Hall, 6250 Atlantic Blvd, Norcross, GA 30071-1355. Venue and jurisdiction are proper as to this Defendant.

4.

Defendant, John Doe, is a business entity or individual whose identity is unknown at this time. Upon identification of said entity, Plaintiff shall amend this Complaint with the proper identification and serve this Defendant(s). Venue and jurisdiction are proper as to this Defendant.

5.

The complained of events occurred within the property owned, operated, or under the sole control of Defendants within Gwinnett County, Georgia, accordingly jurisdiction and venue are proper in this court.

6.

On December 21, 201, Plaintiff was an invitee of the Defendant when she entered the SSF warehouse store located at 6250 Atlantic Boulevard, Norcross, GA 30071 in Gwinnett County, GA.

7.

Upon exiting the warehouse, after Plaintiff picked up her order, Broadnax slipped and fell on a metal ramp covered with black ice, just outside the building.

8.

The condition of the ramp, at the time of Broadnax's fall, constituted a hazardous condition.

9.

The condition of the ramp, at the time of Broadnax's fall, was not treated with rock salt, or sand or any other substance to reduce, eliminate or prevent ice accumulation.

10.

Defendants were on notice that people, i.e., invitees would be utilizing the ramp that caused Plaintiff's fall.

11.

Defendants were aware of prior instances where ice accumulation made the ramp unsafe under certain weather conditions.

12.

Immediately before Broadnax's fall, Defendants were aware, via actual or constrictive notice, that the ramp was slippery.

13.

Defendants knew the condition of the ramp constituted a hazardous condition.

14.

Plaintiff's fall on the ramp caused her to sustain a series of injuries to her neck, back, shoulders, arms, legs and head.

15.

At all relevant times, Broadnax exercised reasonable care for her own safety and did not expose herself to harm from her actions.

16.

Defendant has investigated the facts of this case for several months, given that this case is a renewal action, Defendant does not have any information to prove that Broadnax's actions unnecessarily exposed her to harm.

17.

Defendant has investigated the facts of this case for several months, given that this case is a renewal action, Defendant does not have any information to prove that Broadnax's actions were negligent.

18.

At all reasonable times, Plaintiff exercised reasonable care for her own safety.

19.

At all relevant times, the Defendants SSF and John Doe, occupied and/or managed the premises and owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the premises in a safe condition.

20.

At all relevant times, the Defendants SSF and John Doe, failed to inspect the premises to discover the black ice accumulation that caused Plaintiff's fall.

21.

At all relevant times, the Defendants SSF and John Doe, failed to remedy the black ice accumulation that caused Plaintiff's fall.

22.

At all relevant times, the Defendants SSF and John Doe, failed to warn Broadnax or other business invitees on the premises of the black ice accumulation that caused Plaintiff's fall.

23.

SSF and John Doe had superior knowledge, actual knowledge and/or constructive knowledge of the hazardous condition, i.e., the accumulation of black ice on the ramp that caused Broadnax's fall.

24.

At all relevant times, SSF and John Doe, had employees in the area where Plaintiff was injured immediately before her fall and after her fall.

25.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff suffered substantial injuries and damages, including past and future medical costs, past and future mental and physical pain and suffering, physical impairment or disability, etc.

26.

By reason of the foregoing, Broadnax is entitled to recover general and special damages from Defendants at an amount proven at trial.

WHEREFORE, Plaintiff prays:

a. That process issue according to law;
b. That Defendants be served with a copy of Plaintiff's Renewed Complaint and Request for Jury Demand and show cause why the relief should not be granted;
c. That Plaintiff be granted a jury trial of twelve impartial jurors in this matter;

d. That judgment be entered in favor of Plaintiff for personal injury, medical specials (past and future) in an amount proven at trial, pain and suffering (past and future) in an amount determined by the enlightened conscience of an impartial jury of twelve;

e. That Plaintiff receive such further relief as the Court may deem just and proper;

This 18th day of December 2020.

/s/ S. Carlton Rouse, Esq.
S. Carlton Rouse, Esq.
Georgia Bar No. 003583
Attorney for Plaintiff

**Rouse & Company, LLC**
P.O. Box 392105
Snellville, GA 30039-9997
(678)360-0403(t)
(678)658-9093(f)
s.carlton@rousecolaw.com

Case 1:21-cv-00295-MLB   Document 1-1   Filed 01/19/21   Page 9 of 18

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**20-C-09109-S2**
**12/28/2020 4:04 PM**
CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

TONIA BROADNAX,
    Plaintiff,

vs.

SSF IMPORTED AUTO PARTS LLC,
JOHN DOE
    Defendant.

CIVIL ACTION NO. 20-C-09109-S2

### AFFIDAVIT

Personally appeared before an authority duly authorized to administer oaths, the undersigned, who, after being fully sworn on oath, states as follows:

1.

My name is William C. Lutwack and I am over the age of eighteen (18). I am a citizen of the United States and have no interest in this matter. I am a Georgia State Certified Process Server, certification number CPS 253.

2.

That on December 21, 2020, at approximately 3:15 p.m., I served KERNEY HALL, with the following documents: Summons and Renewed Complaint and Jury Demand.

3.

Mr. Hall was served at his place of business located at 6250 Atlantic Blvd., Norcross, Georgia 30071-1355. Mr. Hall identified himself and accepted service.

FURTHER AFFIANT SAITH NOT.

This 22 day of December, 2020.

_____
WILLIAM C. LUTWACK

Sworn to and subscribed to
before me this 22nd day of
December, 2020.

_____
Notary Public

GA Cert. Process Server
William C. Lutwack
CPS 253

Case 1:21-cv-00295-MLB   Document 1-1   Filed 01/19/21   Page 10 of 18

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-09109-S2**
**1/19/2021 10:59 AM**

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TONIA BRADNAX, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action File No.: |
| | ) 20-C-09109-S2 |
| SSF IMPORTED AUTO PARTS, LLC and JOHN DOE | ) |
| Defendants. | ) |

### ANSWER OF DEFENDANT SSF IMPORTED AUTO PARTS, LLC TO PLAINTIFF'S RENEWED COMPLAINT

COMES NOW Defendant SSF Imported Auto Parts, LLC ("SSF"), and files its Answer to Plaintiff's Complaint as follows.

### FIRST DEFENSE

For a First Defense, SSF responds to the numbered paragraphs of the Complaint as follows:

### PARTIES AND JURISDICTION

1.

SSF is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.

SSF admits that it is a foreign limited liability company authorized to do business in the State of Georgia. SSF denies the remainder of the allegations contained in Paragraph 2 of the Complaint.

3.

SSF admits that it is a foreign limited liability company authorized to do business in the

State of Georgia and that it may be served through its registered agent. SSF denies the remainder of the allegations contained in Paragraph 3 of the Complaint.

4.

SSF is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.

SSF denies the allegations contained in Paragraph 5 of the Complaint.

6.

SSF denies the allegations contained in Paragraph 6 of the Complaint.

7.

SSF denies the allegations contained in Paragraph 7 of the Complaint.

8.

SSF denies the allegations contained in Paragraph 8 of the Complaint.

9.

SSF admits that it had no knowledge of any alleged hazard or condition on the ramp that necessitated the treatment. SSF denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10.

SSF denies the allegations contained in Paragraph 10 of the Complaint.

11.

SSF denies the allegations contained in Paragraph 11 of the Complaint.

12.

SSF denies the allegations contained in Paragraph 12 of the Complaint.

13.

SSF denies the allegations contained in Paragraph 13 of the Complaint.

14.

SSF denies the allegations contained in Paragraph 14 of the Complaint.

15.

SSF denies the allegations contained in Paragraph 15 of the Complaint.

16.

SSF denies the allegations contained in Paragraph 16 of the Complaint.

17.

SSF denies the allegations contained in Paragraph 17 of the Complaint.

18.

SSF denies the allegations contained in Paragraph 18 of the Complaint.

19.

SSF admits that it had the applicable duties required under Georgia law. SSF denies the remainder of the allegations contained in Paragraph 19 of the Complaint.

20.

SSF denies the allegations contained in Paragraph 20 of the Complaint.

21.

SSF denies the allegations contained in Paragraph 21 of the Complaint.

22.

SSF denies the allegations contained in Paragraph 22 of the Complaint.

23.

SSF denies the allegations contained in Paragraph 23 of the Complaint.

24.

SSF denies the allegations contained in Paragraph 24 of the Complaint.

25.

SSF denies the allegations contained in Paragraph 25 of the Complaint.

26.

SSF denies the allegations contained in Paragraph 27 of the Complaint.

**SECOND DEFENSE**

For a Second Defense, SSF asserts that Plaintiff failed to exercise care for her own safety, proximately causing, contributing to, or failing to mitigate the injuries, if any, sustained by the Plaintiff in the occurrence which is the subject of this litigation.

**THIRD DEFENSE**

For a Third Defense, SSF asserts that no act or omission of SSF proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

**FOURTH DEFENSE**

For a Fourth Defense, SSF asserts to the extent the evidence supports it, Plaintiff may have assumed the risk of her injury and damages.

**FIFTH DEFENSE**

For a Fifth Defense, SSF asserts that Plaintiff, in the exercise of ordinary care, could have avoided the consequences of SSF's alleged negligence, any such negligence being specifically denied.

**SIXTH DEFENSE**

For a Sixth Defense, SSF asserts that the alleged hazard, if any, was open and obvious or equally known to the Plaintiff as to SSF.

**SEVENTH DEFENSE**

For a Seventh Defense, SSF asserts that it is entitled to the defenses of comparative and

contributory negligence.

**EIGHTH DEFENSE**

For an Eighth Defense, SSF asserts that to the extent that Plaintiff is claiming or seeking recovery for injuries which pre-existed the accident, or which were not proximately caused by the accident, SSF asserts that it would not be liable under any circumstances for such claims.

**NINTH DEFENSE**

For a Ninth Defense, SSF asserts that if the jury finds that Plaintiff was negligent but her negligence was less than the negligence of SSF, which is denied, then any recovery by Plaintiff should be reduced to the extent of her negligence.

**TENTH DEFENSE**

For a Tenth Defense, SSF asserts that Plaintiff either knew or should have known of the alleged hazard and such knowledge exceeded SSF's knowledge, such knowledge being denied, and therefore Plaintiff is barred from recovery.

**ELEVENTH DEFENSE**

For an Eleventh Defense, SSF asserts that to the extent Plaintiff fails to identify or establish proof of an alleged hazard then Plaintiff is not entitled to recovery under O.C.G.A. § 51-3-1.

**TWELFTH DEFENSE**

For a Twelfth Defense, SSF asserts that Plaintiff may have voluntarily assumed the risk known to her and that Plaintiff's claims may be barred by the doctrine of assumption of the risk.

**THIRTEENTH DEFENSE**

For a Thirteenth Defense, SSF asserts that Plaintiff's claims may be barred by the legal doctrines of waiver, release, and accord and satisfaction.

**FOURTEENTH DEFENSE**

For a Fourteenth Defense, SSF asserts that Plaintiff owes SSF indemnity for the claims

asserted in this matter and, as a result, Plaintiff is barred from asserting the claims as raised in this matter.

WHEREFORE, having fully answered, SSF respectfully requests that this case go forward and that he receive a judgment in its favor, with all costs cast against Plaintiff, and such other and further relief as the Court deems just and proper under the circumstances.

This 19th day of January, 2021.

Respectfully submitted,

/s/ J. Skye Wellesley
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Defendant SSF Imported Auto Parts, LLC

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404-870-7372
404 870-1048 fax
e-mail: mrust@grsmb.com
swellesley@grsmb.com

-6-

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing Answer of SSF Imported Auto Parts, LLC's to Plaintiff's Renewed Complaint upon all counsel of record by depositing said copy in the United States Mail with adequate postage affixed thereon to:

S. Carlton Rouse, Esq.
Rouse & Company, LLC
P. O. Box 392105
Snellville, GA 30039

This 19th day of January, 2021.

/s/ J. Skye Wellesley
J. Skye Wellesley
Georgia Bar No. 265377
Attorney for Defendant SSF Imported
Auto Parts, LLC

Case 1:21-cv-00295-MLB   Document 1-1   Filed 01/19/21   Page 17 of 18

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-09109-S2**
**1/19/2021 10:59 AM**

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TONIA BROADNAX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No.: |
| v. ) | 20-C-09109-S2 |
| ) | |
| SSF IMPORTED AUTO PARTS, LLC and ) | |
| JOHN DOE ) | |
| ) | |
| Defendants. ) | |
| ) | |

### SSF IMPORTED AUTO PARTS, LLC'S DEMAND FOR TWELVE PERSON JURY

COMES NOW, SSF Imported Auto Parts, LLC, Defendant in the aforementioned case, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 19th day of January, 2021.

Respectfully submitted,

/s/ J. Skye Wellesley
Michael J. Rust
Georgia Bar No. 621257
J. Skye Wellesley
Georgia Bar No. 265377
Attorneys for Defendant SSF Imported
Auto Parts, LLC

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7372 (Wellesley)
404 870-1048 fax
e-mail: mrust@grsmb.com
swellesley@grsmb.com

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing SSF IMPORTED AUTO PARTS, LLC'S DEMAND FOR TWELVE PERSON JURY upon all counsel of record by depositing said copy in the United States Mail with adequate postage affixed thereon to:

S. Carlton Rouse, Esq.<br>
Rouse & Company, LLC<br>
P. O. Box 392105<br>
Snellville, GA 30039

This 19th day of January, 2021.

                                        /s/ J. Skye Wellesley
                                        J. Skye Wellesley
                                        Georgia Bar No. 265377
                                        Attorney for Defendant SSF Imported
                                        Auto Parts, LLC