IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Tonia Broadnax,

          Plaintiff,

v.

                         Case No. 1:21-cv-295-MLB

SSF Imported Auto Parts LLC and
John Doe,

          Defendants.

_____/

**<u>OPINION & ORDER</u>**

The Court grants Defendant SSF Imported Auto Parts LLC's Motion for Summary Judgment (Dkt. 48).

## I.  Background[1]

Plaintiff Tonia Broadnax was an independent contract driver for Cannon Delivery Services, Inc. (Dkt. 48-4 ¶ 4.) As part of her job, she picked up automobile parts from Defendant SSF Imported Auto Parts LLC's warehouse for Cannon. (Dkt. 48-4 ¶ 5.) When exiting the

---

[1] Plaintiff only responds to a single allegation from Defendant's statement of material facts. (Dkt. 50-14 at 1-2.) Pursuant to L.R. 56, the Court deems all other allegations admitted if supported by the record.

warehouse on a ramp, Plaintiff alleges she slipped on ice and fell. (Dkt. 50-14 ¶ 9.) Plaintiff was the first person to walk down the ramp that day. (Dkt. 48-4 ¶ 14.) Plaintiff did not see any ice on the ramp after she fell. (Dkt. 48-4 ¶ 20.) She cannot specify where the ice was located on the ramp when she fell, or how thick the ice was. (Dkt. 48-4 ¶ 15, 19.) She had no water on her hands, or any other part of her body, after she fell. (Dkt. 48-4 ¶¶ 17-18.) She felt the cold ramp after falling. (Dkt. 48-4 ¶ 22.) Plaintiff brought a premises liability claim against Defendant. (Dkt. 1-1.) Defendant moved for summary judgment. (Dkt. 48.)

## II.  Standard of Review

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1361 (*citing Anderson*, 477 U.S. at 248).

The party moving for summary judgment bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)). Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (*citing First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. A district court must "resolve all reasonable doubts about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

**III. Discussion**

**A.     Indemnification Agreement**

Defendant argues it is entitled to summary judgment because Plaintiff's service contract with Cannon bars her from suing Defendant (a Cannon customer), including for Defendant's own negligence. (Dkt. 41-1 at 22.) Plaintiff's contract with Defendant provides:

> "[Plaintiff] agrees to indemnify CANNON DELIVERY SERVICE INC. and its customers for any and all liability, damage, cost and expense incurred by CANNON DELIVERY SERVICE INC. and or its customer as a result of the [Plaintiff's] performance of services under this agreement or that of its employees and agents, or as a result of any breach of any term of this agreement by [Plaintiff] or that of its employees and agents."

(Dkt. 48-4 ¶ 27.) Plaintiff argues that Defendant, as a non-party to the contract, lacks standing to enforce the indemnification agreement and, alternatively, that the contract does not indemnify Defendant for its own negligence. (Dkt. 50 at 10.) The Court disagrees with the former but not the latter.

"Under OCGA § 9–2–20(b), a third-party beneficiary may sue to enforce a contract; however, the third-party beneficiary must be the intended beneficiary of the contract." *Hubbard v. Dep't of Transp.*, 256 Ga. App. 342, 352 (2002). The contract specifically extends indemnity

4

beyond Cannon to its customers. Defendant is thus an intended third-party beneficiary and can enforce the agreement.

The Georgia Supreme Court has explained that indemnity agreements must be read closely to only preclude negligence claims when expressly agreed to by the parties:

> "Public policy is reluctant to cast the burden of negligent actions upon those who are not actually at fault. Thus [i]t is well established in Georgia that contractual indemnities do not extend to losses caused by an indemnitee's own negligence unless the contract expressly states that the negligence of the indemnitee is covered. The words of the contract will be scrutinized closely to discover whether such an intent is actually revealed in them, and every presumption is against such intention. In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence. Georgia courts never imply an agreement to indemnify another for one's own negligence in the absence of express language."

*Ryder Integrated Logistics Inc. v. BellSouth Telecommunications, Inc.*, 281 Ga. 736, 737–38, (2007). Plaintiff alleges Defendant's negligence caused her injury. And the contract does not "expressly state [] that the negligence of the indemnitee [i.e., Defendant] is covered." *Id.* So, the Court "will not interpret [the] indemnity agreement as a promise by the

5

[Plaintiff] to save the [Defendant] harmless on account of the latter's own negligence." *Id.*[2]

## B.  Causation

Defendant moves for summary judgment because Plaintiff cannot identify what caused her fall.[3] The Court agrees. "In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor." *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (2003) "When the question of whether the allegedly dangerous condition caused the plaintiff's injuries remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." *Warner v. Hobby Lobby Stores*, 321 Ga. App. 121, 124 (2013). Here, the cause of Plaintiff's fall is pure "speculation or conjecture."

---

[2] Plaintiff's argument is much broader. She argues "Defendant's theory that somehow it should be indemnified by Plaintiff, the injured party, as a result of its' own negligence is a novel but nonetheless spurious and baseless argument. It is nonsensical that a tortfeasor could be rewarded for its own bad acts via contract." (Dkt. 51 at 10.) As quoted above, a party can be indemnified for injuries resulting from its own negligence. *Ryder*, 281 Ga. At 737–38. But such indemnification requires express language. *Id.*

[3] Plaintiff does not respond to this argument.

6

1.     **(Black) Ice**

In her complaint, Plaintiff alleged she slipped on black ice. (Dkt. 1-1 ¶ 7.) By the time of summary judgment, it was just an "icy ramp." (Dkt. 50-14 ¶ 9.) When probed for details in her deposition, Plaintiff admitted she did not see any ice on the ramp after she fell. (Dkt. 48-4 ¶ 20.) She could not specify where her feet were on the ramp when she fell, or how thick the ice was. (Dkt. 48-4 ¶ 15, 19.) She had no water on her hands, or any other part of her body, after she fell. (Dkt. 48-4 ¶¶ 17-18.) She merely felt the cold ramp.[4] (Dkt. 48-4 ¶ 22.) Georgia law requires more: "A plaintiff who alleges she slipped on a foreign substance must present some evidence of a foreign substance on the ground where she slipped. *Hudson v. J.H. Harvey Co.,* 244 Ga. App. 479, 480 (2000).

In *Veazey v. F.W. Woolworth Co.*, 191 Ga. App. 601, 602 (1989), the plaintiff slipped after entering a store on a rainy day. The plaintiff "did not actually see any such accumulation of rain water, either before or

---

[4] By coincidence, the Court discovered a portion of Plaintiff's deposition in which she claimed to have "felt the ice," like "thin chipped." (Dkt. 52-2 at 157:5, 158:15.) This fact was not brought up in Plaintiff's statement of material facts, nor in Plaintiff's brief. But even if the Court were to consider this evidence of causation, Defendant would still be entitled to summary judgment based on constructive knowledge.

7

after she fell." *Id.* However, the plaintiff inferred "that there must have been rain water in the area where she fell and further infers that it must have been the rainwater which caused her to fall." *Id.* The Court affirmed summary judgment because the plaintiff "did not prove in any measure how or why [she] slipped." *Id.* The facts of *Veazy* mirror this case: the Plaintiff did not see any ice and she was not wet after the fall. Other than the ramp being cold and the weather, Plaintiff presents no evidence for her ice theory. And the coldness of the ramp does not permit a reasonable inference of ice—that condition requires both coldness and moisture. *See Hudson v. J.H. Harvey Co.*, 244 Ga. App. 479, 480 (2000) ("Here, [Plaintiff] did not see any water after she fell. She did not feel any water after she fell. And she did not notice any water on her clothes."); *cf. Stephens v. Kroger Co.*, 236 Ga. App. 871 (1999) (Plaintiff testified that she felt her hand in water after she fell.); *Sutton v. Winn–Dixie Stores*, 233 Ga. App. 424, 427 (1998) (Plaintiff's pants were soaked when she got up from her fall.")

In *Thrasher v. Perimeter Summit Hotel PT, LLC*, 2022 WL 912689 at \*1 (N.D. Ga. Mar. 28, 2022), the plaintiff slipped while walking down hotel stairs. The plaintiff "did not see what, if anything, she slipped on

8

and, therefore, does not know what caused her to fall." Later, a friend of the plaintiff's saw a "foreign substance" on the same steps. *Id.* Based on her friend's observation, the plaintiff concluded that she must have slipped on a jelly-like substance. *Id.* at 6. But because that conclusion was based on her friend's "after-the-fact observations," the Court found it "nothing more than speculation" and the plaintiff failed "to create a genuine issue of material fact to withstand summary judgment." *Id.* Here, Plaintiff presents even less evidence: no one, not even after the fact, witnessed ice on the ramp. Because Plaintiff presents no evidence of causation, Defendant is entitled to summary judgment.

### 2. The Ramp's Slope

For the first time (and in response to Defendant's motion for summary judgment), Plaintiff argues the ramp she slipped on had an "inappropriate pitch/slope." (Dkt. 50 at 8.) To the extent Plaintiff is citing the ramp's slope as a cause of her injury, she may not do so. "Even under the liberal pleading standard for civil complaints, plaintiffs may not raise new claims at the summary judgment stage." *Chavous v. City of Saint Petersburg*, 576 F. Supp. 3d 1040, 1052 (M.D. Fla. 2021), *citing Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004).

Nowhere in the Complaint does Plaintiff allege that the ramp was too steep. *Id., citing White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1199–1200 (11th Cir. 2015) (affirming district court's refusal to consider employer-notice claim when not presented in a complaint alleging FMLA interference). Nor does the Complaint mention the "2021 International Building Code" or the "2015 Life Safety Code" that Plaintiff mentions in her responsive pleading. (Dkt. 51-6 at 2.) So, "[w]hatever the merits of that contention, a plaintiff may not assert new legal theories in a response to forestall summary judgment." *Id.*

## C. Duty

A proprietor's duty to invitees is to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. But Defendant argues the ice Plaintiff slipped on is "naturally occurring and not attributable to any affirmative action on the [Defendant's] part, [so Defendant] ha[d] no affirmative duty to discover and remove it in the absence of evidence that it has become an obvious hazard by means other than natural accumulation." (Dkt. 48-1 at 17), *quoting SRA Management, LLC. v. Prince*, 362 Ga. App. 636, 639 (2022). But "ice forming due to inevitable natural forces unaffected by human agency

does not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action." *Dumas v. Tripps of N. Carolina, Inc.*, 229 Ga. App. 814, 816 (1997). "Liability results only from [an owner's] failure to exercise ordinary care to make repairs after notice to him of the defective condition coupled with a failure to repair within a reasonable time." *Id.* So, even in the case of naturally occurring hazards, the Court must assess whether a defendant had notice of the alleged hazard. *Id.* For this, the Court turns to knowledge.

### D.  Knowledge

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997). Plaintiff does not allege actual knowledge, so the Court only considers constructive knowledge.

#### 1.  Defendant's Constructive Knowledge

Defendant argues it is entitled to summary judgment because Plaintiff has not shown constructive knowledge. (Dkt. 48-1 at 10.) The

11


Court agrees. "[C]onstructive knowledge may be shown by evidence demonstrating that an employee of the proprietor was in the immediate area of the hazard and could have easily seen it; that the hazard had been present long enough that the proprietor could have discovered it through a reasonable inspection procedure; or that there had been prior incidents, similar to the one that injured the plaintiff, sufficient to provide the proprietor with constructive knowledge of the danger." *Warner v. Hobby Lobby Stores*, 321 Ga. App. 121, 124-125 (2013).[5] "Constructive knowledge may [also] be inferred when there is evidence that the owner lacked a reasonable inspection procedure, and in the context of summary judgment the owner must demonstrate its reasonable inspection procedure before the plaintiff is required to show how long the hazard had been present. The owner must show not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." *Gibson v. Halpern Enterprises*, 288 Ga. App. 790, 791–92, (2007).

---

[5] Plaintiff only alleges constructive knowledge under an inspection procedure theory. (Dkt. 50 at 7-8.) As there is no evidence of prior incidences or one of Defendant's employees being in the immediate area, the Court also only assesses constructive knowledge under a reasonable inspection procedure.

But in this case, the court need not decide whether there was a reasonable inspection procedure because there is no evidence the ice could have been discovered during any such inspection. *See Chastain v. CF Georgia N. Dekalb L.P.*, 256 Ga. App. 802, 803 (2002) ("If there is no evidence that the water could have been discovered during a reasonable inspection, then no inference arises that defendants' failure to discover the defect was the result of any alleged failure to inspect.") Plaintiff did not see any ice on the ramp after she fell. (Dkt. 48-4 ¶ 20.) She cannot specify where her feet were located on the ramp when she fell, or how thick the ice was. (Dkt. 48-4 ¶ 15, 19.) Considering the undisputed evidence, the Court cannot conclude that a reasonable inspection procedure would have prevented the accident. *See id.; Rodriquez v. City of Augusta*, 222 Ga. App. 383, 384, (1996) (admission that dangerous substance was not visible precludes finding that City employee could have easily noticed and corrected it).

### 2. Plaintiff's Knowledge

Defendant argues it is entitled to summary judgment because Plaintiff was aware of the weather conditions, so her knowledge of the alleged ice was at least equal to Defendant's. (Dkt. 48-1 at 21.) But

13

"knowledge of the generally prevailing hazardous conditions is not sufficient to establish actual or constructive knowledge by [Plaintiff or Defendant] of the specific invisible ice hazard on the [ramp] which caused the slip and fall." *St. Joseph's Hosp. of Atlanta, Inc. v. Hall*, 344 Ga. App. 1, 3 (2017). However, since Defendant lacked actual or constructive knowledge of the alleged hazard, Plaintiff cannot show Defendant had superior knowledge to her. *See Columbus Drs. Hosp., Inc. v. Thompson*, 224 Ga. App. 682, 683 (1997) ("[T]he plaintiff must demonstrate that the defendant had superior knowledge of the foreign substance.")

## IV. Conclusion

The Court **GRANTS** Defendant's motion for summary judgment (Dkt. 48.) The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 17th day of February, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

14